UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JEANNETTE FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:10-CV-15-TS |
| | ) | |
| INTELIUS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Jeannette Fowler, the *pro se* Plaintiff, filed an *in forma pauperis* petition and a Complaint alleging that her privacy was violated because Intelius, a company that apparently aids businesses in conducting background checks, "knows your place of birth and where you live with your siblings, your children's addresses . . . and your last workplace," (Complaint at 1) and makes this law public for "Boun[t]y hunters, Killers, [Burglars], etc."(Complaint at 1) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Plaintiff appears to be attempting to allege a constitutional violation because she states that "Intelius has v[i]olated my rights as a Black Single female. Violated my Con[sti]tutional] Rights Amend[]ment and killers at my door steps." (Complaint at 3) To state a claim under § 1983, a plaintiff must allege: (1) that the defendant deprived her of a federal constitutional right; and (2) that the defendant acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The Complaint does not provide notice of the federal rights

that the Plaintiff alleges were violated. The Plaintiff states that by making her information public, Intelius violated her right to privacy, but she does not identify a particular constitutional right. Moreover, even if she had cited to the Constitution, Intelius was not functioning as a state actor. Indeed, it is not even clear that Intelius acted inappropriately. Thus, the Complaint does not contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts are more plausibly consistent with legitimate behavior than with the illegitimate behavior that the Plaintiff says occurred. *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (To state a claim, a complaint must allege facts which plausibly show an entitlement to relief, not merely facts which are consistent with both misconduct and legitimate activity.)

The Plaintiff simply has no civil rights claim against Intelius. For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on January 13, 2010.

                                        s/ Theresa L. Springmann  
                                        THERESA L. SPRINGMANN  
                                        UNITED STATES DISTRICT COURT  
                                        FORT WAYNE DIVISION